***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Special Deputy Commissioner Taylor and the assignments of error and/or briefs before the Full Commission. The appealing party showed good grounds to reconsider the Decision and Order of Deputy Commissioner Taylor. Upon reconsideration, the Full Commission reverses the prior Decision and Order and enters the following Order.
 ***********
The Full Commission finds that a hearing on the Defendant's, North Carolina Department of Correction's, Motion to Dismiss was held on July 11, 2008. The Plaintiff alleged in his Tort Claims Affidavit that he was damaged by the conduct of Defendant's Correctional Officers when they placed his injured wrist in handcuffs behind his back on several occasions in *Page 2 
contravention of a medical directive prohibiting him from being handcuffed with his hands behind him and that they only laughed when Plaintiff indicated he was in pain.
At the hearing on Defendant's Motion to Dismiss, Defendant argued that the officers engaged in intentional conduct when handcuffing Plaintiff and that the Tort Claims Act does not cover intentional acts. Defendant also argued that pursuant to Rule 12(b)(6) there is no negligence involved because "there's no suggestion that correctional officers could not cuff him [Plaintiff] in that manner and it was pursuant to DOC policy."
Plaintiff argued that his allegation of negligence was based on Defendant's negligent failure to communicate to officers on all shifts that he had a medical directive prohibiting him from being handcuffed with his hands behind him. Plaintiff indicated that he had a document in his possession indicating how he should be cuffed.
After considering the arguments of the parties the Full Commission concludes that Plaintiff's Affidavit raises issues of negligence, not medical malpractice, which should be set for hearing. Defendant may renew their Motion to Dismiss at the close of Plaintiff's evidence if he only presents evidence of intentional acts.
It is therefore ordered that Defendant's Motion to Dismiss is denied at this time. This matter is hereby set for an evidentiary hearing.
No costs are assessed at this time.
This the — day of April 2009.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_____________ STACI T. MEYER COMMISSIONER *Page 1